E-FILED
Tuesday, 18 August, 2026 09:38:10 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **MALCOLM COMER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-2209-SEM-DJQ** |
| | ) | |
| **CHAMPAIGN COUNTY** | ) | |
| **CORRECTIONAL CENTER,** | ) | |
| **Defendant.** | ) | |

**<u>ORDER</u>**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Malcolm Comer proceeding *pro se* and currently in custody at Sheridan Correctional Center, filed a Complaint (#1) on July 10, 2026. The Court granted Plaintiff leave to proceed *in forma pauperis*, and the case is now before the Court for a merit review of his claims.

**BACKGROUND**

Plaintiff alleges that the following incident occurred at the Champaign County Correctional Center on August 7, 2024:

> While eating dinner I began to choke and swallow wood as I'm chewing. With help from my cellmate I was able to retrieve some of the wood chips which I gave to the officer. I ask to see

a doctor and I was refused.

This is the entirety of Plaintiff's Complaint.

**Analysis**

Pursuant to 28 U.S.C. § 1915A, the court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Plaintiff has failed to state a claim to relief. First, Plaintiff has not identified any individual who he believes personally participated

in the deprivation of his constitutional rights. See *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). In fact, Plaintiff has not named *any* defendant. In both the caption and in the section of the Complaint in which Defendants are to be listed, Plaintiff has written nothing. The Clerk has listed the Champaign County Correctional Center as the Defendant simply so that the case could be opened.

Furthermore, Plaintiff does not allege facts which would plausibly suggest that any individual, named or not, violated his constitutional rights. He alleges that there were wood chips in his food. But there is no suggestion that the unnamed officer referenced in the Complaint played any role in that. And while Plaintiff's unfulfilled request to see a doctor suggests a Fourteenth Amendment claim for unreasonable medical care, Plaintiff has not plausibly alleged that he was suffering from an objectively serious medical need. See *Terry v. Cnty. of Milwaukee*, 357 F. Supp. 3d 732,

745–46 (E.D. Wis. 2019) (observing that an "objectively serious medical need" is threshold requirement for a pretrial detainee's Fourteenth Amendment medical care claim (citing *Miranda v. Cnty. of Lake*, 900 F.3d 335, 347 (7th Cir. 2018))).

Plaintiff's Complaint is therefore dismissed for failure to state a claim. The Court will grant Plaintiff 21 days from the date of this Order in which to file an amended complaint. If Plaintiff elects to pursue an amended pleading, he should provide a short, simple statement of facts explaining who deprived him of his constitutional rights and how.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint (#1) is DISMISSED without prejudice.

2. Plaintiff is granted 21 days from the date of this Order to file an amended complaint stating a federal claim upon which relief could be granted. If Plaintiff does not file an amended complaint within that timeframe, this action will be dismissed with prejudice.

ENTERED August 18, 2026.

s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**