E-FILED
Friday, 25 September, 2026 04:00:09 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURTS**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| **MALCOLM COMER,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 26-2209-SEM-DJQ** |
| | ) | |
| **NURSE CHAPMAN, et al.,** | ) | |
| **Defendants.** | ) | |

**ORDER**

**SUE E. MYERSCOUGH, United States District Judge:**

Plaintiff Malcolm Comer, proceeding *pro se* and currently in custody at Sheridan Correctional Center, filed an Amended Complaint (#13) on July 10, 2026, after his original complaint was dismissed for failure to state a claim. In the Amended Complaint, Plaintiff alleges that his constitutional rights were violated while housed as a pretrial detainee at the Champaign County, Illinois, Jail ("the Jail"). Plaintiff names as Defendants: Nurse Chapman, Lieutenant Sapp, Officer Garrett, Officer Williams, Officer Chavez, Officer Goodwin, Sergeant Roberts, Sergeant Spence, and Champaign County Sheriff Dustin D. Heuerman. The Court

proceeds once again to a merit review of Plaintiff's claims.

## BACKGROUND

Plaintiff describes two discrete incidents in his Amended Complaint. In the first incident, Plaintiff choked on wood chips that were in the food he had been served at the Jail. Plaintiff's cellmate struck him on the back, thereby freeing a chunk of wood that had lodged in Plaintiff's throat.

Plaintiff asked the pod officer for medical attention and gave him the large piece of wood that he had choked on. The pod officer returned approximately an hour later with Nurse Chapman. She used a flashlight to look at Plaintiff's throat through the chuckhole. Plaintiff felt this method of examination was ineffective, and that he should have been taken out of his cell. He also found Nurse Chapman to be "[u]nprofessional." Nurse Chapman "claim[ed] to have seen no symptoms." Plaintiff asked to be taken to a hospital to be seen by a doctor. It is implied that this request was denied.

In the second incident, Plaintiff alleges that he was having an emotional crisis when Sergeant Spence yelled at him, "stop yelling, shut up." Spence ordered Sergeant Roberts to "open the gate," after

which Spence got in Plaintiff's face and ordered him to go to a different cell. Despite Plaintiff's willing compliance with that directive, Officer Chavez placed his hand on Plaintiff, and Sergeant Goodwin pushed him.

When they arrived at the cell, "Spence gave an order," and the next thing Plaintiff knew "all three officers were on top of" him. Plaintiff could see smoke and smell burning flesh, which he came to realize were the results of him being tased. Plaintiff was "in pain all over." Once the tasing was over, "they" picked Plaintiff up, threw him into the cell, and celebrated.

**Analysis**

Request for Counsel

Plaintiff has filed a Motion to Request Counsel (#10). In determining whether the Court should attempt to find an attorney to voluntarily take a case, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff

does not state that he has made any attempts to obtain counsel (nor does he claim that he has been precluded from doing so), or submit any evidence of such attempts. A plaintiff's failure to "show the district court that he tried to obtain counsel on his own" is "reason enough to deny the request" for counsel. *Rivera v. Jimenez*, 556 F. App'x 505, 507 (7th Cir. 2014). Accordingly, Plaintiff's Motion to Request Counsel (#10) is DENIED.

<u>Merit Review</u>

Pursuant to 28 U.S.C. § 1915A, the Court must "screen" Plaintiff's complaint and, through such process, identify and dismiss any legally insufficient claim or the entire action if warranted. A claim is defective if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Regarding the incident in which Plaintiff choked on a wood chip, he has not stated a claim upon which relief could be granted.

Medical-care claims brought by pretrial detainees arise under the Fourteenth Amendment and are subject to an objective unreasonableness inquiry. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). Plaintiff has not alleged facts that would plausibly give rise to an inference that anyone acted unreasonably in the aftermath of his choking incident. After Plaintiff was no longer choking, he informed the pod officer what had happened and requested medical attention. He did not convey to the pod officer any symptoms in the aftermath of his choking that would suggest the situation was particularly emergent. The pod officer returned to Plaintiff's cell an hour later with a nurse, who used a flashlight to examine Plaintiff's throat. The nurse did not believe Plaintiff warranted any further medical attention, and while Plaintiff disagrees, he has not alleged any facts supporting the notion that

the nurse was incorrect in her assessment. He has not sufficiently alleged unreasonable medical care.[1]

As for the second incident, the Court finds that Plaintiff has stated a Fourteenth Amendment Claim for excessive force against Defendants Spence, Chavez, and Goodwin.

Once again, as a pretrial detainee, Plaintiff's claim is subject to an objective unreasonableness inquiry. *Kingsley v. Hendrickson*, 576 U.S. 389, 396–97 (2015) ("[A] pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."). Plaintiff has alleged that, without provocation and while he was complying, he was pushed, tackled by three officers, and tased so long that he could smell his own flesh burning. Taken as true, these allegations describe an objectively unreasonable use of force. And while Plaintiff proceeds largely by way of pronouns in his actual description of the force, the allegations describing the lead-up to the incident make clear that Defendants Spence, Chavez, and Goodwin were the individuals involved in the use of force.

[1] The Court notes that Plaintiff does not attempt to raise any claim arising directly from the presence of wood chips in his food.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Motion to Request Counsel (#10) is DENIED.

2. Pursuant to its review, the Court finds that Plaintiff's Amended Complaint states a Fourteenth Amendment claim for excessive force against Defendants Spence, Chavez, and Goodwin. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

3. The Clerk is directed to DISMISS the remaining defendants in this case.

4. The Clerk is directed to effect service of process on Defendants Spence, Chavez, and Goodwin pursuant to the Court's standard procedures.

5. This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.

6. The Court will attempt service on Defendants by mailing waivers of service to them. Defendants have sixty (60) days from the date the waiver is sent to file an answer. If Defendants have not filed answers or appeared through counsel within ninety (90) days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

7. With respect to a Defendant who no longer works at the

address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8. Defendants shall file an answer within sixty (60) days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

9. This District uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the

Court has entered a Scheduling Order, which will explain the discovery process in more detail.

10. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

11. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

12. If a Defendant fails to sign and return a waiver of service to the Clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13. The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

ENTERED September 25, 2026.

s/ *Sue E. Myerscough*

**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**